UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARMAND JACKO, #315291,

                Plaintiff,

                                                CASE NO. 2:07-CV-11292

v.                                  HONORABLE BERNARD A. FRIEDMAN

MICHIGAN STATE POLICE, et al.,

                Defendants.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.    Introduction**

      The Court has before it Plaintiff Armand Jacko's *pro se* civil rights complaint filed

pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted permission to proceed without

prepayment of the filing fee.  *See* 28 U.S.C. § 1915(a).  Plaintiff is a state prisoner currently

confined at the Kinross Correctional Facility in Kincheloe, Michigan.  Defendants are the

Michigan State Police, several Michigan State Police troopers and detectives, the Roscommon

County District and Circuit Courts and two judicial officers, the Roscommon County

Prosecutor's Office and a prosecutor, the Roscommon County Probation/Parole Department and

an investigator, and a criminal defense attorney.

      In his complaint, Plaintiff challenges the propriety of his plea-based conviction for third-

degree criminal sexual conduct, which was entered in the Roscommon County Circuit Court on

June 20, 2000, assert that he was not advised of his right of access to a consular representative as

a Canadian citizen under the Vienna Convention on Consular Relations (VCCR).  Plaintiff seeks

1

appointment of counsel for further proceedings and monetary damages.  For the reasons set forth

below, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted

under 42 U.S.C. § 1983 and that his complaint must be dismissed pursuant to 28 U.S.C. §§

1915(e)(2)(B) and 1915A(b).

## II.    Analysis

Plaintiff has been granted *in forma pauperis* status so that he may proceed without

prepayment of the filing fee.  *See* 28 U.S.C. § 1915(a).  Under the Prison Litigation Reform Act,

Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte*

dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the

action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c);

28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking

redress against government entities, officers, and employees which it finds to be frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous

if it lacks an arguable basis either in law or in fact.  *See Denton v. Hernandez*, 504 U.S. 25, 31

(1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived

of a right, privilege, or immunity secured by the federal Constitution or laws of the United

States; and (2) the deprivation was caused by a person acting under color of state law.  *See Flagg*

*Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir.

1996).  A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972).  Despite this liberal pleading standard, the Court finds that Plaintiff's §

1983 complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

As noted, Plaintiff asserts that he is entitled to relief, including monetary damages, due to

an alleged violation of the VCCR.  The United States Court of Appeals for the Sixth Circuit,

however, has held that the Vienna Convention does not create an individual right for a detained

foreign national to consult with the diplomatic representatives of his nation which the federal

courts can enforce.  *See United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001); *accord*

*Cardenas v. Dretke*, 405 F.3d 244 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 2986 (2006); *Mendez*

*v. Roe*, 88 Fed. Appx. 165 (9th Cir. 2004); *Diaz v. Van Norman*, 351 F. Supp. 2d 679, 681 (E.D.

Mich. 2005).  Although some courts have reached a contrary conclusion, *see, e.g., Jogi v. Voges,*

_ F.3d _, 2007 WL 730550, *11 (7th Cir. March 12, 2007), the United States Supreme Court has

not decided this question, *see Keszthelyi v. Bowman*, _ F. Supp. 2d _, 2007 WL 626221, *4 (E.D.

Tenn. Feb. 23, 2007) (citing cases); *see also Breard v. Greene*, 523 U.S. 371, 376 (1998)

(assuming without deciding that an individual right exists), and this Court is bound by the law of

the Sixth Circuit.  Accordingly, the Court concludes that Plaintiff has failed to state a claim upon

which relief may be granted such that his civil rights complaint must be dismissed.

Further, to the extent Plaintiff challenges the validity of his conviction, he is not entitled

to relief in this action.  A claim under § 1983 is an appropriate remedy for a state prisoner

challenging a condition of his imprisonment.  *See Preiser v. Rodriguez*, 411 U.S. 475, 499

(1973).  It is not an appropriate remedy for a state prisoner challenging the validity of his

imprisonment.  Such a claim is not properly brought under 42 U.S.C. § 1983.  *See Heck v.*

*Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable

civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254); *see also Diaz*, 351 F. Supp. 2d at 682. Plaintiff has thus failed to state a claim under § 1983 and his complaint must be dismissed.

## III.    Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


    s/Bernard A. Friedman
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

DATED: March 30, 2007